**Eddie ODOM, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 25499.**

United States Court of Appeals
Fifth Circuit.

Oct. 14, 1968.

Rehearing Denied Nov. 21, 1968.

Robert Edmond Forney, Jacksonville, Fla., for appellant.

Samuel S. Forman, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Middle District of Florida, for appellee.

Before JOHN R. BROWN, Chief Judge, TUTTLE, Circuit Judge, and FISHER, District Judge.

PER CURIAM:

This is the second appeal for the appellant convicted for the violation of the

Dyer Act, 18 U.S.C. § 2313. On the first appeal this Court reversed Odom v. United States (5th Cir. 1967) 377 F.2d 853.

 In this forma pauperis appeal, appellant primarily contends that the officer making the arrest had adequate time to obtain a warrant and since the arrest was made without warrant the arrest and subsequent search was illegal. We hold all points raised as to this contention to be without merit. The absence of an arrest warrant, even though there may be sufficient time to obtain one, does not invalidate an otherwise valid arrest. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Abramson v. United States (5th Cir. 1964) 326 F.2d 565; and Dailey v. United States (5th Cir. 1958) 261 F.2d 870.

We find no error committed by increasing the sentence of the appellant to three years as compared to the original two year sentence given by the first trial judge. The record clearly discloses that the sentencing judge was in possession of additional information concerning the appellant which information was considered in measuring the increased sentence. Marano v. United States, 1 Cir., 1967, 374 F.2d 583; United States ex rel. Starner v. Russell, 3 Cir., 1967, 378 F.2d 808, cert. denied, 389 U.S. 889, 88 S.Ct. 166, 19 L.Ed.2d 189; United States v. White, 7 Cir., 1967, 382 F.2d 445, cert. denied, 389 U.S. 1052, 88 S.Ct. 796, 19 L.Ed.2d 846.

We are not unmindful of the Fourth Circuit opinion,[1] which discusses the constitutionality of an increase in a subsequent sentence, but under the facts of our case we do not believe the constitutional question is raised by the increased sentence.

There are numerous cases holding that a sentence within the limits of the statute is within the discretion of the trial court and not subject to change by the Appellate Court. This Court has so held in recent cases. See Castle v. United States, 5 Cir., 1968, 399 F.2d 642; Henderson v. Dutton, 5 Cir., 397 F.2d 375; Lacaze v. United States, 5 Cir., 1968, 391 F.2d 516; Sibley v. United States, 5 Cir., 1965, 344 F.2d 103.

Affirmed.

---

[1]. Patton v. State of North Carolina, 4 Cir., 1967, 381 F.2d 636, cert. denied, 1968, 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871.