**Donald ROMONTIO, Appellant,**

v.

**UNITED STATES of America, Appellee.**
**No. 9885.**

United States Court of Appeals
Tenth Circuit.

Sept. 16, 1968.

Rehearing Denied Dec. 23, 1968.

Perry H. Winn, Oklahoma City, Okl. (A. David Necco, Oklahoma City, Okl., on the brief), for appellant.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before HILL, SETH and HICKEY, Circuit Judges.

HILL, Circuit Judge.

This is a direct appeal from a judgment of conviction and sentence following a jury verdict of guilty upon eleven substantive counts of an indictment for violation of the mail fraud statute, 18 U.S.C. § 1341, and upon one conspiracy count under 18 U.S.C. § 371. The indictment charged appellant, three other individual defendants and one corporate defendant on twelve substantive counts and a conspiracy count. One of the original individual defendants was acquitted on all counts at a previous trial and one of the substantive counts was dismissed as to all defendants by the Government prior to submission of the case. The jury convicted Romontio on each of the twelve remaining counts and acquitted each of the other defendants on all counts. Appellant received a three year sentence on each of the twelve

counts, with those sentences to be served concurrently.

Appellant first contends that as a matter of law the judgment and sentence on the conspiracy count must be reversed because the crime of conspiracy cannot be committed by a single individual. His second contention goes to the refusal of the trial court to give two requested instructions both pertaining to certain evidence admitted during the trial with reference to the conspiracy count. There is merit to appellant's first point, although, as we will later demonstrate, the recognition of this point as valid will afford appellant no relief from the sentence which he will have to serve.

■■■ The conspiracy conviction on the thirteenth count of the indictment must be reversed. The indictment alleged that appellant and three other specifically named individual co-defendants were the sole perpetrators of the conspiracy. One of these co-defendants was acquitted at the first trial of the case and the other two were acquitted by the jury in the trial of this case. The conspiracy statute, 18 U.S.C. § 371, by its express language and by the very nature of the offense requires some concert of plan and purpose between two or more persons.[1] This question was laid to rest by this circuit many years ago and those decisions remain the law of the circuit.[2] There are many decisions of other courts to the same effect.[3] We should point out that the indictment did not allege that

there were unknown conspirators and this is not a case in which there were other known conspirators named in the indictment as such but not included as defendants. In such circumstances the result might well be different.

Our reversal of appellant's conviction on the conspiracy count of the indictment makes it unnecessary to elaborate upon his contention regarding the court's refusal to give his tendered jury instructions. Both of these instructions pertained to the conspiracy and all of the evidence appellant sought to exclude by such tendered instructions was clearly admissible against Romontio on the substantive counts of the indictment even if we had concluded such evidence was not admissible on the conspiracy count. This questioned evidence was the testimony of Postal Inspector Lankford, who related conversations had by him with appellant after the business concerned had gone out of existence. The testimony of Paul Suttle is also attached. He is a former employee of the business and testified generally as to the operation of the business during his employment.

The trial of this case had in the trial court was the second trial of the case which was made necessary by this court's decision in Steiger et al. v. United States, 373 F.2d 133. A full statement of the contentions of the Government as to the alleged fraudulent scheme and the use of the mails in furtherance thereof is contained in that opinion and we need not

1. 18 U.S.C. § 371 provides:
"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined * * * or imprisoned * * * or both."

2. The crime of conspiracy consists in *two or more persons combining with the purpose of committing an unlawful act.* United States v. Armour & Co., 10 Cir., 137 F.2d 269; Hudspeth v. McDonald, 10 Cir., 120 F.2d 962; Pietch v. United States, 10 Cir., 110 F.2d 817, 129 A.L.R.

563; Reavis v. United States, 10 Cir., 106 F.2d 982; Troutman v. United, States, 10 Cir., 100 F.2d 628, 629; Martin v. United States, 10 Cir., 100 F.2d 490; and Wilder v. United States, 10 Cir., 100 F.2d 177.

3. E. g., Hartzell v. United States, 322 U.S. 680, 64 S.Ct. 1233, 88 L.Ed. 1534; United States v. Postma, 2 Cir., 242 F.2d 488; Herman v. United States, 5 Cir., 289 F.2d 362, cert. denied 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93; Joyce v. United States, 8 Cir., 153 F.2d 364; and Lubin v. United States, 9 Cir., 313 F.2d 419. See generally, Annot., 91 A.L.R.2d 700.

**620**

repeat them here. With those contentions together with appellant's plea of not guilty in mind, we have carefully read and considered the lengthy trial record and the many exhibits received in evidence and must conclude that there is ample competent evidence to support the conviction on all eleven substantive counts.

■ The record discloses ample competent evidence to show a plan or scheme as the Government contended. A former employee testified at great length about the plan upon which the business was operated, the devious sales methods used by the salesmen, appellant's connection with the business and the part he played in educating salesmen about the plan and actually carrying out the scheme or plan. Other witnesses testified in support of the allegations of the various counts as to the use of the mails. There was an abundance of evidence from which the jury, as it did, could find that a plan or scheme to defraud was devised and existed, that the mails were used in furtherance of the plan and that appellant was guilty on each of the eleven substantive counts.

■■ It is a general rule that where a person is sentenced on several counts with all of the sentences adjudged to run concurrently, the reversal of the judgment on one of the counts does not affect the judgment and sentence on any of the remaining valid counts.[4] Therefore, we hold that the judgment and sentence on each of the eleven substantive counts of the indictment is valid and remains in force and effect.

The judgment and sentence on Count 13 of the indictment is reversed and the judgment and sentence on each of eleven remaining counts of the indictment is affirmed.

4. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; Kiyoshi Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; Price v. United States, 10 Cir., 384 F.2d 650; Baca v. United States, 10 Cir., 383 F.2d

154; Carter v. United States, 10 Cir., 333 F.2d 354; and Marteney v. United States, 10 Cir., 218 F.2d 258, cert. denied 348 U.S. 953, 75 S.Ct. 442, 99 L.Ed. 745.