**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerome R. WEINER, Defendant-Appellant.**

No. 27734
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 22, 1969.

Frank S. Wright, Emmett Colvin, Jr., Dallas, Tex. (Lead Counsel), for appellant.

Eldon B. Mahon, U. S. Atty., Alex H. McGlinchey, Asst. U. S. Atty., Fort Worth, Tex., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

■ Pursuant to Rule 18 of the rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

This case arises from a judgment of conviction on one count for violation of Title 18, United States Code, Section 1005, involving false entries in bank records. Appellant was sentenced to imprisonment for a period of five years with confinement for a period of six months, the execution of the remainder of the sentence of imprisonment was suspended and the appellant was placed on probation for the remaining four and one-half year period.

■ Appellant raises two assignments of error in this appeal, neither of which require reversal. First, appellant contends that the district judge erred in assessing punishment as set forth above because of his erroneous assumption that he had no authority to order restitution as a term of probation, as provided by 18 U.S.C. § 3651. This contention is without merit, for it is nowhere proven that the trial judge was not fully aware of the provisions regarding resti-

tution. Indeed, the trial record shows that when one of the attorneys in this case recommended the granting of probation, the judge made the following inquiry: "Would they recommend probation without restitution?" And again the trial judge stated that "if they employed you to go over here and make this statement, they want to get their money back."

The fact that the district judge questioned the propriety of granting an order providing for both probation and restitution within a period of time does not sustain appellant's assignment of error. It is established that the exercise by the sentencing court of its discretion cannot be questioned on appeal, except when arbitrary or capricious action amounting to a gross abuse of discretion is involved. Dodd v. United States, 213 F.2d 854 (10th Cir. 1954). The appellant has not shown such action in the present case. Only when it is shown that the trial judge relied upon information which was in fact not true is error committed. It is only when the sentence is pronounced "on a foundation so extensively and materially false, * * *" that the proceedings will be overturned. Townsend v. Burke, 334 U. S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948).

Assuming *arguendo*, that the trial judge actually was under an erroneous assumption involving his authority to require restitution, appellant's appropriate action for relief was to petition the trial court for reduction of his sentence in compliance with Rule 35 of the Federal Rules of Criminal Procedure.

Second appellant contends that the trial court erred in adjudging him guilty of misapplication of bank funds in violation of 18 U.S.C. § 656, when he plead guilty only to a violation of 18 U. S.C. § 1005, false entry of bank funds. As appellant admits in his brief, this appears to be a mere clerical error and, by itself, furnishes no grounds for reversal. Under Rule 52(a) of the Federal Rules

of Criminal Procedure, this Court must disregard harmless error and decide the case without reference to technical errors. Helton v. United States, 221 F.2d 338 (5th Cir. 1955); Edenfield v. United States, 112 F.2d 931 (5th Cir. 1940).

The decision of the district court is Affirmed.