**UNITED STATES of America ex rel.
Samuel BROWN, Appellant,**

v.

**Mr. Edward J. HENDRICK, Supt. of
Phila. Prison, Appellee.**

No. 18078.

United States Court of Appeals,
Third Circuit.

Argued June 23, 1970.

Decided Sept. 22, 1970.
Rehearing Denied Oct. 23, 1970.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

1. *See* NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

Barry E. Ungar, Goodis, Greenfield, Narin & Mann, Philadelphia, Pa., for appellant.

James D. Crawford, Asst. Dist. Atty., Deborah E. Glass, Asst. Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., for the appellee.

Before WINTER[*], ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

WINTER, Circuit Judge.

On a claim that his conviction of rape violated the constitutional guarantee against double jeopardy because he had previously been convicted of open lewdness, petitioner seeks to have us direct that he be awarded a writ of habeas corpus. The writ was denied by the district judge, and this appeal ensued. We affirm.

### I

On July 14, 1966, a police officer responded to a call from an apartment house address in Philadelphia. On arrival he found nothing amiss, but as he left he was furnished with additional information from some bystanders, and he returned to investigate further. Upon his return he discovered petitioner in an open stairwell with his genitals exposed and with his hand around the neck of a young girl. Petitioner lived at that address in an apartment adjacent to the stairwell. Petitioner fled and the officer gave chase. The officer did not apprehend petitioner, and when he returned to the scene the young girl had left the stairwell and could not be found.

Petitioner was arrested later in the day. Based upon the officer's observations, petitioner was charged with indecent exposure and open lewdness, resisting arrest and loitering and prowling. He was tried September 15, 1966, and, on the testimony of the officer, he was convicted of open lewdness and resisting arrest.

Sometime after July 14, 1966 (the exact date is not disclosed by the record), the young girl was identified and located by the police through the intervention of her mother. As a result of her state-

[*] Circuit Judge of the Court of Appeals for the Fourth Circuit, sitting by designation.

ment, petitioner was indicted at the October Sessions, 1966, for rape, sodomy, and conspiracy. He was tried on July 6, 1967, and convicted of rape, as well as other offenses against other persons. The rape conviction was obtained on the testimony of the young girl and her female companion, as well as on the testimony of the officer. The conviction for rape was appealed and affirmed *per curiam* on May 10, 1968; the Supreme Court of Pennsylvania denied further review.

On January 1, 1969, a motion for new trial, filed immediately after the conviction for open lewdness and before the indictment for rape was returned, was granted. The Commonwealth immediately *nolle prossed* it.

■ At his trial for rape, in the appeal to the Superior Court, in the petition for allowance of a further appeal to the Supreme Court of Pennsylvania and before the district judge, petitioner asserted the invalidity of the rape conviction on the basis of the Act of March 31, 1860, P.L. 427, § 51, 19 P.S. § 831,[1] rather than upon constitutional grounds. The contention was repeatedly rejected. The only disclosure of the basis for the ruling in the record before us is that of the district judge, who stated that "this Court is bound by Commonwealth v. Ray, 177 Pa.Super. 154, 110 A.2d 764 (1955), which held that the statute meant only to prohibit a subsequent prosecution for a lesser offense or a greater offense which included the lesser." Although constitutional grounds for the result petitioner contends should be achieved have not been previously asserted, the constitutional argument is so similar to the statutory argument previously asserted that we conclude that petitioner has exhausted available state remedies. 28 U.S.C.A. § 2254(b). See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

## II

The Fifth Amendment guarantee that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb" has been held to extend to the states through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2506, 23 L.Ed.2d 707 (1969). The rule announced in *Benton* has been held to be fully retroactive. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072, 23 L.Ed.2d 656 (1969). If otherwise applicable, the guarantee is fully available to petitioner in this case.

A claim of double jeopardy usually arises in the context of an accused's being sought to be tried a second time on the identical charge of which he had been previously acquitted. An example is *Benton*, where the defendant was initially tried for larceny and burglary. He was acquitted of larceny, and his conviction of burglary was reversed on appeal. He was awarded a new trial but the court directed that the new trial be on both charges. The Supreme Court held, however, that retrial and conviction of the larceny charge were barred by the constitutional guarantee.

As a rule of federal law the guarantee against double jeopardy is broader in scope than the usual case which *Benton* illustrates. Because it was held in Ashe v. Swenson, *supra,* that the federal rule of collateral estoppel in criminal cases is also applicable to the states, the guarantee can now be said to extend to lesser included offenses and to related offenses under certain circumstances. See also Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). The doctrine of collateral estoppel was defined to mean "simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue

---

[1] "If upon the trial of any person for any misdemeanor, it shall appear that the facts given in evidence amount in law to a felony, such person shall not by reason thereof be entitled to be acquitted of such misdemeanor; *and no person tried for such misdemeanor shall be liable to be afterwards prosecuted for felony on the same facts.* \* \* \*" (emphasis supplied.)

cannot again be litigated between the same parties in any future law suit." Ashe v. Swenson, 397 U.S. at 443, 90 S.Ct. at 1194. At the same time, it was stated that "the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality." 397 U.S. at 444, 90 S.Ct. at 1194. Following its own admonition, the Court held that the accused could not be prosecuted a second time for armed robbery of a certain Roberts, one of several persons engaged in a poker game, when it uncontestably appeared from the first trial that an armed robbery of the several persons had occurred, that one of the group, a certain Knight, had been a victim of the robbery, that the only issue before the jury was whether the accused had been one of the robbers, and that the jury had found that he had not.

In the instant case, petitioner does not claim that he was tried twice for the same offense. Nor do we find that there is any basis for applying the doctrine of collateral estoppel. Petitioner's first conviction (subsequently set aside) was for open lewdness. The gravamen of that offense is indecent public exposure, i. e., "open lewdness * * * tending to debauch the morals or manners of the people. * * *" 18 P.S. § 4519. See Commonwealth v. Anzulewicz, 42 Pa.Dist. & Co.R.2d 484 (1967). The conviction was obtained solely on the testimony of the police officer as to his observation of petitioner with his genitals exposed in a public place. The fact that he was clutching a young girl was not an essential element of the commission of the crime. The gravamen of petitioner's second conviction, that for rape, is that he effected carnal intercourse with the young girl forcibly and against her will. The conviction was obtained primarily on the testimony of his victim, as corroborated by her companion and incidentally corroborated by the testimony of the police officer. Certainly, the conviction could not have been obtained solely on the testimony of the police officer as to his observations because he did not observe the commission of the crime of rape.

We need not decide if commission of the crime of rape necessarily constitutes commission of the crime of open lewdness—a question on which the Pennsylvania courts have not apparently had occasion to rule. See, however, Commonwealth v. Erb, 44 Pa.Co. 179 (1916).[2] It would appear, however, that those offenses which are included in or merge into rape or statutory rape are those involving penetration or attempted penetration and force. See Commonwealth v. Arner, 149 Pa. 35, 24 A. 83 (1892) (fornication); Commonwealth v. Brown, 184 Pa.Super. 494, 136 A.2d 138 (1957) (fornication); Commonwealth v. Cox, 209 Pa.Super. 457, 228 A.2d 30 (1967) (corrupting the morals of a minor); Commonwealth v. McIlvain, 5 Pa.Dist. 175 (1895) (adultery). Open lewdness is an act of a different kind. It suffices to say that proof of the essential elements of rape does not necessarily include proof of the essential elements of open lewdness; and, in fact, in this case, the proof to establish the two charges was different in both quality and source.

Three of the Justices comprising the majority in *Ashe* joined in an opinion in which they asserted that, in addition to the collateral estoppel test, the second prosecution of the accused should also be barred by the "same transaction" test which they would hold is also embodied in the Double Jeopardy Clause. Succinctly stated, the "same transaction" test is that "the Double Jeopardy Clause

2. In *Erb* it was apparently held that a successful prosecution for indecent exposure barred a subsequent conviction for *attempted* rape when both crimes arose out of the same occurrence. The report of the case fails to reflect the facts on which the conclusion was reached. This omission, coupled with the difference between rape and attempted rape, destroys the precedential value of the case for the question before us.

requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant which grow out of a single criminal act, occurrence, episode, or transaction." 397 U.S. at 453–454, 90 S.Ct. at 1199 (footnotes eliminated) (Brennan, J., with whom Douglas and Marshall, JJ., joined). Petitioner urges us to adopt this test and to hold that his double jeopardy rights were violated because his prosecutions for open lewdness and for rape grew out of a single criminal episode. Petitioner asserts as additional authority for his contention the decision in Waller v. Florida, *supra*.

At the outset, we note that petitioner's prosecution for rape is not necessarily barred under the "same transaction" test. The opinion of Mr. Justice Brennan carefully notes that the test is inapplicable "where a crime is not completed or not discovered, despite diligence on the part of the police, until after the commencement of a prosecution for other crimes arising from the same transaction. * * *" 397 U.S. at 453, 90 S.Ct. at 1199, n. 7. On this record we cannot determine when, with respect to the progress of the prosecution for open lewdness, the police first became aware that the crime of rape had allegedly been committed. It may be that the information was not forthcoming until after the conviction for open lewdness was obtained. In that event, the doctrine would be inapplicable.

If the exact date on which the police obtained information from the victim that a rape had occurred were crucial to the decision in this case, we could remand for that determination. But even if the police knew before the trial for open lewdness about the commission of

rape, the fact remains that the "same transaction" test represents the views of only three Justices of the Supreme Court. The view of any Justice is entitled to consideration and respect, but we cannot conclude that we should go beyond the "collateral estoppel" test in deciding this case when the "same transaction" test failed to command a majority of the Court in the very case in which it was advanced. It is simply not yet the law which we as an inferior appellate court should follow.

We do not read Waller v. Florida, *supra*, as lending support to petitioner's contention. It held simply that Florida's prosecution of an accused for grand larceny was barred by the Double Jeopardy Clause when the accused had been previously found guilty and sentenced for the violation of ordinances of St. Petersburg, Florida, relating to destruction of city property and disorderly breach of the peace. This result was reached by acceptance of the statement of the Florida intermediate appellate court that the prosecution for grand larceny " 'was based on the same acts of the appellant as were involved in the violation of the two city ordinances,' " and "on the assumption that the ordinance violations were included offenses of the felony charge." (footnote eliminated.) 397 U. S. at 390, 90 S.Ct. at 1186. In this context the Court concluded that Florida and one of its municipalities were not two separate sovereigns so as to render application of the guarantee against double jeopardy inoperative.

Since we conclude that petitioner's conviction of rape did not place him in double jeopardy, the judgment of the district court will be affirmed.