438 F.2d 344
 UNITED STATES of America, Plaintiff-Appellee,
v.
John B. SANDERS, Jr., Defendant-Appellant.
No. 30666 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al, 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 19, 1971.
 
 T. Gerald Chilton, Jr., Donald D. Meyers, Phoenix, Ariz., for defendant-appellant.
 Robert H. Shemwell, Asst. U.S. Atty., Donald E. Walter, U.S. Atty., Shreveport, La., for plaintiff-appellee.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 John B. Sanders appeals from an order of the district court denying his motion for reduction or modification of sentence. We affirm.
 
 
 2
 Sanders was convicted of conspiring to use and using interstate facilities in furtherance of a scheme to defraud. This Court affirmed his conviction. On March 19, 1970, Sanders filed a motion in the district court under Rule 35, F.R.Crim.P., for reduction of sentence. Following a hearing, the court denied the motion, and Sanders began serving his sentence in a federal penitentiary. On July 20, 1970, Sanders filed in the district court a second motion for reduction or modification of sentence; he also requested a hearing on the motion. The district court declined to hold a hearing and again denied the motion. It is from that order of the district court that Sanders seeks to appeal.
 
 
 3
 After the parties had submitted briefs in this Court, the Government moved to dismiss the appeal on the ground that Sanders had failed to comply with Rule 4(b), F.R.A.P. We have considered the motion and conclude that it should be, and is, denied.
 
 
 4
 On appeal Sanders argues that the district court erred in denying his request for a hearing and denying his motion for reduction or modification of sentence. We cannot agree. It is well settled, both in this Circuit and in others, that motions for reduction of sentence are addressed to the sound discretion of the district court. As this Court said in United States v. Weiner, 5 Cir. 1969, 418 F.2d 849.
 
 
 5
 the exercise by the sentencing court of its discretion cannot be questioned on appeal, except when arbitrary or capricious action amounting to a gross abuse of discretion is involved.
 
 
 6
 Id. at 851. See also Odom v. United States, 5 Cir. 1968, 403 F.2d 45, 46; Zaffarano v. Blackwell, 5 Cir. 1967, 383 F.2d 719, 721. Moreover, no abuse of discretion is established merely by showing a refusal to hold a hearing. A movant under Rule 35 is not entitled as a matter of right to a formal hearing on the motion in open court with himself and his attorney present. United States v. Garrick, 4 Cir. 1968, 399 F.2d 685, 686; Potter v. United States, 8 Cir. 1963, 317 F.2d 661, 662. We have examined the briefs and the record and conclude that the district court did not abuse its discretion by denying Sanders's motion.
 
 
 7
 Accordingly, the judgment of the district court is
 
 
 8
 Affirmed.