**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Don Victor HARBOLT, Defendant-Appellant.**

No. 71-2660

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 2, 1972.

Rodney D. Moore, Dallas, Tex. (Court appointed), for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Charles D. Cabaniss, Cecil Emerson, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the orders of the district court denying Harbolt's mo-

---

* ■ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

tions for reduction and modification of sentences. He complains that the district court abused its discretion by taking action without first securing updated information concerning him, without holding a formal hearing on the motions, and by not resentencing him under 18 U.S.C.A. 4208(b) so that a study could have been made of him under 18 U.S.C.A. 4208(c). We are utterly unimpressed with these contentions and affirm.

Harbolt, a federal prisoner, escaped from the Federal Correctional Institution, Seagoville, Texas, and was apprehended about two hours later by the Kleberg, Texas, police in the vicinity of the institution.

On June 2, 1971, Harbolt entered a plea of guilty to a violation of 18 U.S.C.A. § 751 and requested that his sentencing be expedited. The district court obliged, and on June 7, 1971, sentenced Harbolt to an indeterminate term of three years to run consecutively to the sentence then being served by him. Harbolt's codefendant, Connally, also an escapee, was sentenced to ninety days to run consecutively to the sentence he was then serving. Subsequently Harbolt's post-sentencing motions were denied.

Harbolt concedes, as he must, that in considering a motion for reduction or modification of a lawful sentence under Rule 35, Fed.R.Crim.P. the district court has broad discretion. Sullivan v. United States, 5 Cir. 1963, 317 F.2d 101, 1963, 375 U.S. 854, 84 S.Ct. 114, 11 L.Ed.2d 81; Lott v. United States, 5 Cir. 1962, 309 F.2d 115, cert. denied, 1963, 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 498. Nevertheless, he argues that the district court acted arbitrarily and capriciously in failing to obtain complete updated information from six correctional officials, the names of whom he had submitted, concerning his personal history and status of rehabilitation. He further insists that a report would have disclosed that he did not devise the plan of escape, did not use force in making the escape, and was captured without resistance within a few hours and within a few miles of the institution. He also suggests that the report should have contained an explanation for the disparity between his sentence of three years indeterminate and the ninety-day sentence of his co-defendant.

■ The district court expedited the time of sentencing at Harbolt's request. At that time it was made known to the court that Harbolt had state convictions for theft and for burglary, and federal convictions for mailing an extortion letter, interstate transportation of stolen property and fraud by wire. The three-year indeterminate sentence imposed on Harbolt was substantially less than the maximum of five years and $5,000.00 fine provided by 18 U.S.C.A. § 751. These circumstances do not support Harbolt's assertion that the district court acted arbitrarily or capriciously. United States v. Sanders, 5 Cir. 1971, 438 F.2d 344. Moreover, no abuse of discretion is established merely by showing a refusal to hold a hearing. United States v. Weiner, 5 Cir. 1969, 418 F.2d 849.

■ We also reject Harbolt's disparity argument. There is no showing in the record before us of the criminal record of Harbolt's fellow-escapee, Connally, or that Harbolt's punishment is so disproportionate to the sentence received by him "as to be completely arbitrary and shocking." Rodriquez v. United States, 5 Cir. 1968, 394 F.2d 825, 826.

■ Finally, the argument that it was an abuse of discretion for the trial court to refuse to sentence Harbolt under 18 U.S.C.A. § 4208(c) is so frivolous that it merits no discussion.

Affirmed.