Joseph John **FOURNIER**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 73-2269.

United States Court of Appeals, Fifth Circuit.

Oct. 3, 1973.

Joseph John Fournier, pro se.

Frank D. McCown, U. S. Atty., Wm. F. Sanderson, Jr., Asst. U. S. Atty., Dallas, Tex., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

In accordance with his plea of guilty, Fournier was convicted of transporting a weapon in interstate commerce, a violation of 18 U.S.C. §§ 922(g)(1), 924(a) (1970), and sentenced to three years imprisonment. Subsequently, he petitioned the district court for a reduction of sentence under Fed.R.Crim.P. 35, alleging that his sentence was illegally excessive. On May 11, 1972, the court entered an order granting the motion which reduced appellant's sentence to two years. Both Fournier and the government moved the court to reconsider this order. On May 26, 1972, the district judge vacated his order of May 11, 1972, denied Fournier's motions and reinstated the original three-year sentence. Fournier appealed from this action and we affirmed. United States v. Fournier, 468 F.2d 952 (5th Cir. 1972). In the cause *sub judice* Fournier appeals [1] from the denial of a petition under 28 U.S.C. § 2255, asserting that his sentence should be set aside because he was not present before the district court on May 26, 1972, when it vacated its previous order and refused to reduce his sentence. We find his present Section 2255 contention devoid of merit and therefore affirm.

It is well established that a movant under Rule 35 is not entitled to a formal hearing on the motion as a matter of right. United States v. Harbolt, 455 F.2d 970 (5th Cir. 1972); United States v. Sanders, 438 F.2d 344 (5th Cir. 1971); 2 C. Wright, Federal Practice and Procedure § 586, at 570 (1969). Moreover, the defendant's presence is not required should the court choose to hear testimony or arguments on the motion, or if it decides to reduce the sentence. United States v. Donohoe, 458 F.2d 237, 239 & n. 6 (10th Cir. 1972), cert. denied, 409 U.S. 865, 93 S. Ct. 157, 34 L.Ed.2d 113 (1973); Oeth v. United States, 390 F.2d 609 (5th Cir. 1968); 2 C. Wright, *supra*. The district court's inchoate order reducing Fournier's sentence had in no sense passed out of that court's control. Certainly, neither party thought so, in as much as each petitioned the judge for further changes. The district judge obviously became convinced that his ruling of May 11, 1972 was based on an erroneous view of the law and that the sentence he originally deemed appropriate could validly be imposed. Fournier was no more entitled to be present as a matter of right when the trial court determined to correct the mistaken legal premise underlying its May 11, 1972 decision by vacating that order than he would have been to be present at the time his motion was first considered and ruled upon. The judgment is

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.