**UNITED STATES of America, Appellee,**

v.

**Connie STUMPF, Appellant.**

**No. 73–1054.**

United States Court of Appeals, Fourth Circuit.

Argued April 4, 1973.

Decided April 18, 1973.

---

Alfred D. Swersky, Alexandria, Va., for appellant.

K. Gregory Haynes, Asst. U. S. Atty., Alexandria, Va., for appellee.

Before WINTER and FIELD, Circuit Judges, and BLAIR, District Judge.

PER CURIAM:

Defendant, who entered a guilty plea to the misdemeanor charge of willful obstruction of mail, 18 U.S.C. § 1701 (1970), was sentenced to imprisonment for a period of 120 days. Although she was interviewed by a probation officer prior to sentencing, she suppressed the fact that she had ever experienced psychiatric difficulties. After sentence was imposed, she moved for a reduction of sentence under Rule 35, F.R.Crim.P., supporting her motion with a letter from her family doctor which related that she had had "a very distorted life history since her adoption," that she had been treated at "Pratt Institute," Baltimore, Maryland,* and escaped from this institution, and that she was "in a very unstable mental wandering and probable self-destructive state of mind [sic]." The district court, after reviewing the papers and hearing the comments of counsel, denied the motion and also denied a request that she be permitted to remain at liberty on bond pending an appeal.

Defendant appealed from denial of her motion for reduction, and a judge of this court granted a 5-day stay of the execution of the sentence (later extended), on condition that defendant consult a private psychiatrist to obtain a determination of her mental condition and the effect of incarceration thereon. The examination and report were made by Dr. Erich M. Reinhardt, a qualified psychiatrist who was privately engaged by defendant. Dr. Reinhardt's report elaborated upon defendant's unstable background and her "fragile, emotional equilibrium," which he described as "prone to disintegration even under minor stress," and as "very precarious, with the threat of a prison sentence hanging over her . . .." He stated that "she has made suicidal gestures, talks suicide, and has reached the point of making unwise and unrealistic decisions . . .." He expressed the view that if incarcerated, "I am sure that psychiatric hospitalization would become a necessity." In a supplemental report he added that, in his opinion, defendant "should not be incarcerated at the present time, since most likely confinement would cause a mental breakdown."

■ Limiting ourselves to the record before the district court, we see no merit in defendant's appeal. A motion for reduction of sentence under Rule 35 is addressed to the sound discretion of the district court, and it follows that the district court's disposition of the motion is not reviewable on appeal except for a clear abuse of discretion. United States v. Harbolt, 455 F.2d 970 (5 Cir. 1972); United States v. Krueger, 454 F.2d 1154 (9 Cir. 1972). The sentence of the district court did not exceed the statutorily authorized maximum penalty of $100 fine, or six months imprisonment, or both, and the information brought to the attention of the district court was not so positive that we think there was any abuse of discretion, let alone a clear abuse, in its declining to modify the sentence.

At the same time, we are sure that the district court would share our concern, generated by the more detailed and corroborating information and opinion of Dr. Reinhardt, were these facts before it, and would agree that they warrant further exploration either by way of interrogating Dr. Reinhardt, or by the selection of a court-appointed psychi-

---

* The Sheppard Enoch Pratt Hospital is a private hospital, outside of Baltimore, which specializes in the treatment of mental and nervous disorders.

atrist to make another evaluation, or both, or even by other means. Cf. Leach v. United States, 118 U.S.App.D.C. 197, 334 F.2d 945 (1964). Not lightly nor likely do we think that incarceration would be ordered if there is in fact a substantial likelihood of an attempt at suicide or a mental breakdown.

Accordingly, we will vacate the order denying the motion and remand the case so as to give the district court the opportunity to conduct such further proceedings as it, in its sound discretion, deems proper, to determine if these dangers are real, and if so, how they may best be met. The mandate will issue forthwith, but we will grant a further stay of execution of the sentence to continue until the motion has been further considered and decided by the district court.

Vacated and remanded; stay granted.