826 F.2d 1061
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Milton MAINWOLD, Defendant-Appellant.
 No. 86-7699
 United States Court of Appeals, Fourth Circuit.
 Argued June 4, 1987.
Decided Aug. 11, 1987.
 
 Daniel F. Goldstein (Carmen D. Hernandez; Brown & Goldstein, on brief), for appellant.
 Robert Neal McDonald, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before K.K. HALL, Circuit Judge, MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Milton Mainwold appeals from a denial of a motion for reduction of sentence imposed following a plea of guilty to charges of conspiracy to distribute marijuana in violation of 21 U.S.C. Sec. 846 and Sec. 841(b)(6). We affirm.
 
 I.
 
 2
 In January, 1982, Mainwold, pursuant to a plea agreement, pleaded guilty to a charge of conspiracy to distribute marijuana. The plea agreement did not require his cooperation. Mainwold's sentencing was initially postponed at his request for health reasons. The sentencing was further postponed to permit Mainwold to cooperate with federal law enforcement authorities in New York on matters unrelated to his conviction.
 
 
 3
 In January, 1984, Mainwold was sentenced to eight years' incarceration. At the hearing the district court was advised of Mainwold's cooperation in an investigation of a fur smuggling ring in New York. The prosecutor indicated that further cooperation would be expected and requested that Mainwold's incarceration be delayed so that he could testify at any trials arising out of the investigation. The request was granted.
 
 
 4
 Mainwold subsequently filed a motion for reduction or modification of sentence pursuant to Fed. R. Crim. P. 35. At the hearing held on May 22, 1984, an Assistant United States Attorney from the Eastern District of New York appeared and advised the district court that Mainwold had provided valuable information concerning the illegal transfer of American technology to the Soviet Union in addition to the information regarding fur smuggling. In addition, the United States Attorney requested a delay of Mainwold's reporting date. The district court granted the government's request to stay the execution of the sentence and agreed to hold the Rule 35 motion in abeyance. The district court advised Mainwold that its future action would depend on his continued cooperation with the government.
 
 
 5
 The district court held a further hearing on the Rule 35 motion on October 9, 1986. At the hearing the government counsel reiterated the importance of Mainwold's past cooperation and suggested that the district court take all those matters into account in considering the Rule 35 motion. The district court denied the motion, noting that it had already given Mainwold consideration for his cooperation at the sentencing hearing.
 
 
 6
 This appeal followed.
 
 II.
 
 7
 On appeal, Mainwold contends that the district court breached its promise to consider his continuing cooperation after sentencing in ruling on the motion for reduction of sentence. According to Mainwold, he relied on this promise and placed himself in grave danger[1] when he continued to cooperate with the government in continuing investigations into fur smuggling and foreign counterintelligence. We see no merit in this contention.
 
 
 8
 A district court's disposition of a Rule 35 motion is not reviewable on appeal except for a clear abuse of discretion. United States v. Stumpf, 476 F.2d 945 (4th Cir. 1973). The district court initially imposed a sentence within the statutory limits,[2] and the reasons for the length of the sentence were well articulated by the court. The district court stated that Mainwold's involvement in the conspiracy was similar to that of one of the coconspirators who received a sentence of fifteen years. The same sentence would also have been applicable to Mainwold without the consideration of volunteer work[3] and cooperation in the smuggling investigation. Instead, the district court reduced the maximum sentence by nearly half.
 
 
 9
 The district court made no explicit promise that it would further reduce the sentence if Mainwold continued to cooperate. At the May, 1984, hearing the court stated that 'consideration of what I may do in the future depends upon what Mr. Rose tells me concerning cooperation and the rest of it. . . .' This language does not indicate that a promise was made. At the Rule 35 hearing the district court stated that it had indeed taken the past and future cooperation into consideration at the sentencing hearing. In fact, the district court explicitly stated that it had read all the material presented, listened to testimony of character witnesses and considered the recommendations of the government. After consideration of all these factors the district court did not believe it could reduce the sentence any more than it had done at the sentencing hearing because of Mainwold's principal role in the conspiracy.
 
 
 10
 Mainwold cites no case law which recognizes an obligation by a district court to reduce a defendant's sentence because of cooperation. Although the government recommended leniency for the defendant, the court was not bound by these recommendations. The district court was not a party to the plea agreement and could impose any sentence up to the maximum limit. We, therefore, can find no abuse of discretion in the district court's actions during the sentencing process.
 
 III.
 
 11
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 A death threat against Mainwold had been reported with respect to his cooperation with the government
 
 
 [2]
 The offense carries a maximum penalty of 15 years' imprisonment and a $125,000 fine
 
 
 [3]
 Mainwold performed 1700 hours of volunteer work with an Indian tribe in Arizona after his guilty plea and prior to sentencing