866 F.2d 1416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman TROY, Defendant-Appellant.
 No. 88-7277.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 9, 1988.
Decided: Jan. 26, 1989.
 
 Norman Troy, appellant pro se.
 Debra Jo Stuart (Office of the United States Attorney), for appellee.
 Before WIDENER, K.K. HALL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Norman Troy appeals the district court's order denying his motion for reduction of sentence brought pursuant to Fed.R.Crim.P. 35(b). Troy pled guilty on May 23, 1988, to four counts of aiding and abetting bank robbery in violation of 18 U.S.C. Sec. 2113(a). The convictions were merged and Troy was sentenced to a term of imprisonment of 20 years. In his Rule 35 motion Troy requested a reduction of his sentence based on his youth, the effect that his incarceration has had on him, and the fact that he was needed at home to support his young family. Troy also requested a reduction in sentence to comport with the sentence that he would have received under the sentencing guidelines promulgated by the United States Sentencing Commission under authority of the Sentencing Reform Act of 1984. Alternatively, Troy requested the district court to change his sentence to an indeterminate sentence under 18 U.S.C. Sec. 4205(b)(2). The district court, after review of the entire case file, concluded that the sentence as imposed was fair and reasonable and should not be disturbed. We affirm.
 
 
 2
 A denial of a motion to reduce a sentence brought pursuant to Fed.R.Crim.P. 35 is not reviewable on appeal except for a clear abuse of discretion. United States v. Stumpf, 476 F.2d 945 (4th Cir.1973). We find no abuse of discretion, on this record, in the district court's refusal to reduce the sentence for the equitable reasons offered by Troy, or in the district court's refusal to modify the sentence to one under 18 U.S.C. Sec. 4205(b)(2).
 
 
 3
 The district court's refusal to modify the sentence to a term consistent with the sentencing guidelines was not improper. On December 7, 1987, the President signed into law the Sentencing Act of 1987, Pub.L. No. 100-182, 101 Stat. 1266 (1987). Section 2 of that Act amended Sec. 235(a)(1) of the Comprehensive Crime Control Act of 1984. The effect of the amendment is to clarify that the provisions of the Sentencing Reform Act of 1984 apply only to offenses committed on or after November 1, 1987. Inasmuch as Troy's offenses occurred prior to November 1, 1987, the sentencing guidelines are inapplicable to his convictions. See also United States v. Haines, 855 F.2d 199 (5th Cir.1988) (statute making sentencing guidelines applicable only to crimes committed after guidelines went into effect was not an unconstitutional ex post facto law as applied to crimes committed before the guidelines were promulgated).
 
 
 4
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the order below.
 
 
 5
 AFFIRMED.