873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James SANDERS, Defendant-Appellant.
 No. 88-7264.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 10, 1989.
Decided: April 7, 1989.
 
 James Sanders, appellant pro se.
 Marvin Jennings Caughman, David Calhoun Stephens (Office of the United States Attorney), for appellee.
 Before WIDENER, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Sanders appeals the order of the district court denying his motion for reduction of sentence brought pursuant to Fed.R.Crim.P. 35(b). In support of his motion, Sanders sought a reduction in his sentence because (1) with a reduced sentence he would have a earlier opportunity to seek drug treatment in the community, (2) his guilty plea saved the court time and cost in prosecuting him, (3) he received a greater sentence than his co-defendant, and (4) he had made significant steps toward rehabilitation due to his incarceration. The district court noted that it had reviewed the matters submitted by Sanders', however, in view of the nature and seriousness of the offense, the court concluded that the 21 year sentence imposed for the armed robbery conviction was appropriate.
 
 
 2
 Denial of a Rule 35(b) motion by a district court is not reviewable on appeal except for clear abuse of discretion. United States v. Stumpf, 476 F.2d 945 (4th Cir.1973). We find no abuse of discretion in the district court's refusal to reduce Sanders' sentence.* Accordingly, we affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 3
 AFFIRMED.
 
 
 
 *
 Sanders also contends on appeal that he was improperly sentenced under both 18 U.S.C. Sec. 2113(a) and (d). Sanders did not raise this issue in the district court. We decline to review it in the first instance on appeal