904 F.2d 701
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara Kidd DAVIDSON, Defendant-Appellant.
 No. 89-6016.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 27, 1990.
Decided: May 23, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CR-88-153-C).
 Michael S. Scofield, Charlotte, N.C., for appellant. Thomas J. Ashcraft, United States Attorney, H. Thomas Church, Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and K.K. HALL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Barbara Kidd Davidson appeals from the order of the district court denying her Fed.R.Crim.P. 35(b) motion for a reduction in sentence. Finding no error, we affirm.
 
 
 2
 Davidson pleaded guilty to conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. Secs. 841(a)(1), 846. She was sentenced to a six-year term of imprisonment.* As grounds for her Rule 35 motion, she relied primarily on the disparity she perceived between her sentence and the sentences of her coconspirators. In denying her motion, the district court held that any disparity between the sentences adequately reflected her relative culpability in the crime.
 
 
 3
 Before this Court, appellant again relies on the disparity between her sentences and those of her coconspirators. She also argues that her six-year sentence, although well under the statutory maximum punishment established by Congress, nonetheless violates the Eighth Amendment in that it is "disproportionate to the crime committed." See Solem v. Helm, 463 U.S. 277, 290-92 (1983). She acknowledges that our holding in United States v. Rhodes, 779 F.2d 1019 (4th Cir.1985), cert. denied, 476 U.S. 1182 (1986), forecloses such a proportionality review of her sentence; but, undeterred, she urges us to reconsider Rhodes. Neither of appellant's arguments is persuasive.
 
 
 4
 The disposition of a Rule 35(b) motion is committed to the sound discretion of the sentencing court and we will not disturb that discretion unless it has been clearly abused. United States v. Stumpf, 476 F.2d 945, 946 (4th Cir.1973). Our review of the record and briefs reveals no such abuse here. The district court clearly weighed all relevant factors and considered appellant's relative culpability before fixing appellant's sentence at six years. Regardless, as we stated in United States v. Foutz, 865 F.2d 617, 621 (4th Cir.1989), "[a] sentencing court simply 'is not obliged to consider the sentences of codefendants.' " (Quotation omitted.)
 
 
 5
 Appellant's disproportionality argument is equally meritless. Rhodes squarely holds that in non-capital cases, a Solem proportionality analysis is appropriate only where the sentence is life without parole. Rhodes, 779 F.2d at 1028. As a panel of this Court, we are bound by this precedent. Even if we were inclined to reconsider Rhodes, which we are not, in view of appellant's major role in a conspiracy which distributed approximately 30 kilograms of cocaine, we would have no difficulty in upholding her six-year sentence.
 
 
 6
 For the reasons stated above, we affirm the lower court's denial of the Rule 35(b) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court.
 
 AFFIRMED
 
 
 *
 Because the conspiracy ended in August 1987, appellant was not sentenced under the United States Sentencing Guidelines