905 F.2d 1532
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Charles SMITH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Charles SMITH, Defendant-Appellant.
 Nos. 89-6792, 89-6820.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 27, 1990.
Decided May 21, 1990.
As Amended June 18, 1990.
 
 Appeals from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CR-87-28-R)
 Professor Richard J. Bonnie, James J. Briody, Phillip Seligman and David Woll, Post-Conviction Assistant Project, University of Virginia School of Law, Charlottesville, Va., for appellant.
 John P. Alderman, United States Attorney, Jean M. Barrett, Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 These two appeals have been consolidated because they involve the same parties, and the facts and issues are intertwined. Gary C. Smith was sentenced on June 5, 1987, to five years imprisonment upon pleading guilty to escape from federal custody in violation of 18 U.S.C. Sec. 751(a). On August 21, 1987, he filed an appeal, but on June 6, 1988, he withdrew that appeal and the appeal was dismissed by this court on June 7, 1988.
 
 
 2
 On September 13, 1988, he filed a motion under Federal Rule of Criminal Procedure 35(a) alleging that his sentence was imposed in violation of the law, because he was denied his right of allocution as required by Federal Rule of Criminal Procedure 32. In this motion he asked to be resentenced. The district court denied his Rule 35(a) motion upon a finding that it was not timely because it had not been filed within 120 days after the imposition of his sentence.
 
 
 3
 On September 28, 1988, Smith filed a petition for writ of habeas corpus under 28 U.S.C. Sec. 2255 claiming that he was unlawfully detained and that he was deprived of his Sixth Amendment right to effective assistance of counsel at his sentencing hearing because his attorney disclosed certain information relating to a fraudulent telephone billing scam in which Smith was involved during his stay at the Roanoke City Jail. He also claimed that he had been denied due process of law, because he was denied a reasonable opportunity to review his presentence report and sentencing memorandum prior to his sentencing, that he was sentenced for a crime that he did not commit, and that he was denied his right of allocution at the sentencing hearing.
 
 
 4
 The district court granted the government's summary judgment motion as to the Sec. 2255 claim. Smith seeks reversal of the district court's denial of his Rule 35(a) claim and he requests that this court decide the merits of that claim (denial of allocution), or in the alternative that we reverse and remand to a different district judge for resentencing. He also seeks reversal of the district court's grant of summary judgment on his habeas corpus claim.
 
 
 5
 * The United States concedes that Smith's Rule 35 motion was timely filed. The rule applicable to offenses committed prior to November 1, 1987, requires a motion for correction of a sentence to be filed "within 120 days after the sentence is imposed ..., or within 120 days after receipt by the court of a mandate issued upon the affirmance of the judgment or dismissal of the appeal...." Federal Rule of Criminal Procedure 35. Smith filed his Rule 35 motion on September 13, 1988, 78 days after his appeal was formally dismissed on June 27, 1988. Therefore, the Rule 35 motion was within the 120-day limit. The district court was clearly in error in failing to consider the Rule 35 motion on the merits.
 
 
 6
 Appellant requests that this court decide the issue he raised in his Rule 35 motion, which is the claim that he was denied his right of allocution as required by Federal Rule of Criminal Procedure 32 at his sentencing. One of his grounds for relief under his Sec. 2255 suit is the claim that he was denied due process because he was denied his right of allocution at the sentencing hearing.
 
 
 7
 A motion for a reduction of sentence is committed to the discretion of the district court in reviewing Rule 35 motions. United States v. Stumpf, 476 F.2d 945, 946 (4th Cir.1973). The district court's disposition of such motions is not reviewable except for abuse of discretion. The district court in the present case has not exercised its discretion because it erroneously found that the Rule 35 motion was untimely filed. However, since the same ground is included in the Sec. 2255 claim, we will consider this claim on the merits.
 
 II
 
 8
 Smith claims ineffective assistance of counsel at his sentencing hearing because his attorney disclosed certain information relating to a fraudulent telephone billing scam which occurred during Smith's stay at the Roanoke City Jail. From a review of the record, it is unclear whether the attorney revealed such a scam, but even if the attorney did so, it could not have prejudiced appellant Smith in any way. He is a "con artist" of the first order. His rap sheet for the last 14 years contains numerous convictions of all types of fraud. He has spent seven and a half years of the last eleven years in prison as a result of obtaining services, goods or money by fraudulent activities. The mention of a telephone scam at the Roanoke Jail could not have prejudiced him and it was probably in his best interest for the attorney to bring this up in an effort to make a clean breast of all of his activities.
 
 III
 
 9
 Smith's present charge results from leaving the halfway house at the Community Treatment Center in Roanoke, Virginia, and not returning as required. His talent for obtaining goods and services by fraud is confirmed by the events immediately following his failure to return. The first night he spent as a guest at the Hotel Roanoke, one of the finest hotels in Virginia. Seeking more comfortable accommodations, he proceeded to The Greenbrier in West Virginia. This stay resulted in a charge of defrauding an innkeeper. He then proceeded to Williamsburg where he was charged with fraudulent statement to obtain credit in connection with an attempt to open a charge account at a fine men's store in the name of David Morehead, an attorney in Georgia.
 
 
 10
 Smith had taught in several high schools and in one college. He had a long colloquy with the district judge at the conclusion of which the district judge stated: "As a personality, as someone that is delightful to be with and to talk with, I think you are extremely nice, but I also think you are extremely dangerous." This appears to be an accurate observation one obtains from reading the transcript of the sentencing proceeding and Smith's prior record. He is also trying to con this court by saying that he was not given the opportunity to exercise his right of allocution in the district court. At one point in this proceeding, the judge asked, "Is there anything else you'd like to tell the court regarding this matter?" Later the judge stated, "Is there anything else you'd like to tell the court, Mr. Smith?" These are clear invitations to the defendant personally, asking if he wishes to make any statement on his behalf or to present any information in mitigation as required by Rule 32(a)(1)(C). There is no merit to his claim that he was denied any right he had to address the sentencing judge.
 
 
 11
 Ordinarily Sec. 2255 is not the proper vehicle for a claim under Rule 32. Claims of errors in the sentencing procedure should be handled on direct appeal. See United States v. Emanuel, 869 F.2d 795 (4th Cir.1989). Appellant withdrew his direct appeal, and ordinarily this would have ended the claim, but since it is here with other claims, and it will promote judicial economy for us to decide it, we have done so.
 
 IV
 
 12
 We find no merit to the claim that appellant was not afforded a reasonable time to review his presentence report. Although the time records contained in the transcript of the sentencing proceeding indicate only a short recess for the purpose of allowing Smith to examine the presentence report, the transcript also reveals a clear statement by Smith that he had read the report. The appellant, even at this late date, does not advise us of what information contained in the presentence report may be erroneous, or what response he would have made to the presentence report if additional time had been available to him.
 
 
 13
 Under normal circumstances we would remand the Rule 35 issue to the district court because such motions are committed to the discretion of the sentencing judge. However, under the facts in this case, the only ground for relief under Rule 35 is contained as a ground for relief in the Sec. 2255 case. We have found no merit to this claim, so it would serve no useful purpose to remand this issue to the district court.
 
 
 14
 AFFIRMED.