977 F.2d 574
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julian SEIDEL, Defendant-Appellant.
 No. 91-7308.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 5, 1992.
Decided Sept. 29, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore, No. CR-88-380-JH; Joseph C. Howard, District Judge.
 James P. Ulwick, Kevin F. Arthur, Kramon & Graham, P.A., Baltimore, Md., for appellant.
 Richard D. Bennett, U.S. Atty., Jefferson M. Gray, Asst. U.S. Atty., Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Julian M. Seidel appeals from the denial of his motion for reduction of his pre-guideline sentence pursuant to Fed.R.Crim.P. 35. Because the district court properly exercised its discretion in denying Seidel's motion, we affirm.
 
 
 2
 A jury convicted Seidel of conspiracy, multiple counts of mail and wire fraud, and tax evasion in proceedings arising out of the 1986 collapse of First Maryland Savings and Loan, Inc. The district court sentenced Seidel to twelve years' imprisonment, with parole eligibility to be determined pursuant to 18 U.S.C.A. § 4205(b)(2) (West 1985) (repealed). Because Seidel was responsible for multi-million dollar losses to a large number of depositor victims, the United States Parole Commission determined that Seidel should remain in prison until the expiration of his sentence, even though he normally would be eligible for parole in forty to fifty-two months.
 
 
 3
 In support of his Rule 35 motion, Seidel argued that the district court originally intended to incarcerate him for four years, consistent with the original recommendation of the U.S. Attorney and with the sentencing guidelines if they had applied. He also asserted that a reduction in sentence was warranted for humanitarian reasons. His submissions included evidence of good institutional adjustment and program achievement in prison. In denying Seidel's motion, the district court explained that it originally intended:
 
 
 4
 to impose a maximum sentence and leave a reduction, if any, to the considered experience of the Parole Commission.
 
 
 5
 Therefore, for all the reasons stated previously in open court, the court determines that the sentence originally imposed is a fair and reasonable one.
 
 
 6
 The district court's disposition of a Rule 35 motion is not reviewable on appeal except for a clear abuse of discretion. See United States v. Stumpf, 476 F.2d 945, 946 (4th Cir.1973). Seidel relies on United States v. Guglielmi, 929 F.2d 1001 (4th Cir.1991), arguing that the district court's decision should be vacated because it "failed to exercise its discretion in a discernable or meaningful manner" in denying his motion.
 
 
 7
 In Guglielmi, this Court vacated a district judge's decision not to reduce a twenty-five year sentence imposed upon a first time offender convicted under a multiple count indictment of transporting and conspiring to transport obscene materials in interstate commerce using a common carrier. 929 F.2d at 1002. Noting (1) that the twenty-five year sentence was extremely substantial given the nature of the offense,* (2) the district court's "unwavering focus" on the gravity of the offensive conduct in its opinion "at the expense of other considerations," and (3) the fact that the district court made only "passing reference to the substantial and legitimate human factors placed squarely before [it]," we determined that "the district court was influenced to impose sentence upon the films and not the defendant." Id. at 1005-06. Mindful of our duty to ensure a genuine exercise of discretion, we found no "meaningful indices [in the district court's opinion] that the court balanced the nature of the crime against the personal characteristics and circumstances of Guglielmi," id. at 1007, and concluded that the district court "failed to exercise its discretion discernably or meaningfully." Id. at 1005.
 
 
 8
 Guglielmi is distinguishable from the instant case in several respects. Fundamentally, the sentence imposed by the district court is not obviously extreme and disproportionate. Moreover, the primary thrust of Seidel's Rule 35 motion was that the Parole Commission's decision effectively extended Seidel's sentence beyond the district court's original intention. The district court specifically addressed this issue in its denial of Seidel's motion.
 
 
 9
 Although the district court's decision does not explicitly address whether a reduction of sentence is warranted for humanitarian reasons, Guglielmi does not require district courts to exercise their clear discretion under Rule 35 in a specific form. Absent some indication that the sentence imposed by the district court was impermissible, disproportionate, or idiosyncratic, remanding for the district court to further particularize its reasoning would only serve to unnecessarily prolong the legal proceedings in this case.
 
 
 10
 We therefore affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 *
 In the absence of enhancement, the Sentencing Guidelines would have fixed incarceration for Guglielmi at from eight to fourteen months. 929 F.2d at 1002