14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard M. HIRSCHFELD, Defendant-Appellant.
 No. 93-6775.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1993.
Jan. 24, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CR-90-142-N)
 Nina Jean Ginsberg, Dimuro, Ginsberg & Lieberman, P.C., Alexandria, VA, for appellant.
 David Glenn Barger, Asst. United States Attorney, Alexandria, VA, for appellee.
 Alan M. Dershowitz, Cambridge, MA, for appellant.
 Helen F. Fahey, United States Attorney, Alexandria, VA; Dana J. Boente, Senior Trial Attorney, Charles P. Rosenberg, Trial Attorney, Tax Division, United States Department of Justice, Washington, D.C., for appellee.
 E.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and HALL and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard M. Hirschfeld appeals the district court's denial of his motion for a reduction of his sentence pursuant to Fed.R.Crim.P. 35. We affirm.
 
 
 2
 * Appellant Hirschfeld was convicted of one count of conspiracy to defraud the Internal Revenue Service (Count I), one count of conspiracy to defraud the Securities and Exchange Commission (Count II), and aiding in the preparation of a fraudulent tax return (Count III). Pursuant to the Sentencing Guidelines, the district court sentenced Hirschfeld to thirty-six months on Count I. On Counts II and III, both pre-Guidelines offenses, the district court sentenced Hirschfeld to thirty-six months on each count, to run concurrently with each other but consecutively to the sentence on Count I. The district court also fined him $60,000 on Count I and $200,000 on each of Counts II and III.
 
 
 3
 On direct review, this Court affirmed Hirschfeld's convictions and his sentence. See United States v. Hirschfeld, 964 F.2d 318 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3499 (1993). After unsuccessfully petitioning for certiorari, Appellant Hirschfeld filed with the trial court the motion involved in this appeal--a motion for reduction of his sentence pursuant to Rule 35.[1] Hirschfeld based his Rule 35 motion on "[his] need for medical attention, the hardship on his family, collateral circumstances arising from his incarceration, and the unfair and grossly disproportionate length of [his] sentence in relation to other sentences imposed upon other similarly situated persons within [t]he Eastern District of Virginia." App. at 16. Hirschfeld requested that the district court reduce his sentences on Counts II and III by having them run concurrently with his sentence on Count I or, alternatively, reduce them to one thirty-six month term of probation. Hirschfeld suggested that the probation should involve six months of home detention and 1,500 hours of unpaid community service. He also requested a reduction in the fines imposed on Counts II and III from $200,000 per count to $20,000 per count.
 
 
 4
 The government opposed Hirschfeld's motion, and the district court denied it without a hearing. Hirschfeld appeals and requests that we vacate the order and remand the case to a different district court.
 
 II
 
 5
 The version of subsection (b) of Rule 35 that applies to preGuidelines offenses, such as those at issue here, provides in part:
 
 
 6
 (b) Reduction of Sentence. A motion to reduce a sentence may be made ... within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.
 
 
 7
 Fed.R.Crim.P. 35(b).[2] One purpose of this version of Rule 35(b) is to give the sentencing court a chance to reconsider its initial sentencing decision, in light of both the original conduct of the defendant and any intervening circumstances. See United States v. Ellenbogen, 390 F.2d 537, 543 (2d Cir.), cert. denied, 393 U.S. 918 (1968). It is also " 'essentially a plea for leniency' " by the defendant. Id. (citations omitted). Relief under Rule 35 is vested in the sound discretion of the district court; thus " 'the district court's disposition of the motion is not reviewable on appeal except for a clear abuse of discretion.' " United States v. Guglielmi, 929 F.2d 1001, 1004 (4th Cir.1991) (quoting United States v. Stumpf, 476 F.2d 945, 946 (4th Cir.1973) (other citations omitted)).
 
 
 8
 * Appellant Hirschfeld principally contends that the district court failed to engage in a meaningful exercise of its discretion when it denied his Rule 35 motion. Hirschfeld bases his argument on the purported similarities between his case and United States v. Guglielmi, a case in which the Fourth Circuit held that the district court "failed to exercise its discretion discernably or meaningfully." Id. at 1005. In so holding, the Guglielmi court reasoned that the district court had "not sufficiently balanced, or demonstrated a balancing of, the nature and character of the offense against Guglielmi's record and his personal character as mandated by Rule 35 and the law of this circuit." Id.
 
 
 9
 Appellant Hirschfeld overstates the similarities between his case and Guglielmi. In Guglielmi, the district court's order focused primarily on the nature of the crime committed and the general benefits of deterrence, rather than on "consideration of facts pertinent to discretionary evaluation on an individualized basis." Id. at 1006. In contrast, the district court in this case considered the factors deemed relevant by the Guglielmi court and the appropriateness of the sentence as to Hirschfeld.
 
 
 10
 The district court examined Hirschfeld's performance in prison, see id. at 1004, and concluded that Hirschfeld had"not markedly changed his attitude or outlook." App. at 138. In addition, the district court acknowledged Hirschfeld's "extenuating personal circumstances," see Guglielmi, 929 F.2d at 1004, and concluded that"[a]t the time of sentencing, the Court fully considered the adverse impact [Hirschfeld's] incarceration would have on his family." App. at 141. The district court also considered the concerns that Hirschfeld raised regarding his medical condition. Although the district court found"nothing health threatening" in Hirschfeld's "present environment," it offered to "recommend that the defendant be transferred to another institution that has greater medical facilities if that be the defendant's wish." Id. Moreover, in response to Appellant Hirschfeld's request for probation, the district court stated that it had considered various sentencing alternatives at the time of sentencing, but believed that "the sentence imposed was proper and was a proper balance between the needs of the defendant and society as a whole." Id. It concluded that it "remains of that opinion." Id.
 
 
 11
 In sum, the district court considered the appropriateness of the sentence on an individualized basis, examining the contentions raised by Appellant. As such, we find that it engaged in an appropriate exercise of its discretion and, in doing so, did not consider impermissible criteria. In addition, we conclude that the denial of the motion, as well as a hearing upon it, was not an abuse of discretion.
 
 III
 
 12
 Accordingly, the order of the district court is
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 During the pendency of his petition for certiorari, Hirschfeld filed a previous motion under Rule 35, which the district court denied for lack of jurisdiction. That ruling is not before us
 
 
 [2]
 The district court correctly concluded, and Hirschfeld does not challenge its conclusion, that subsections (a) and (c) of Rule 35 are inapplicable to his motion