UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                    No. 03-4254

BERNARDO SEGUNDO CALLEJA,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, Senior District Judge.
(CR-86-28-R)

Submitted: September 29, 2003

Decided: July 13, 2004

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Rhonda Lee Overstreet, LUMSDEN, OVERSTREET & HANSEN, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Thomas J. Bondurant, Jr., Chief, Criminal Division, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Bernardo Segundo Calleja appeals from the district court's order denying his motion filed under Fed. R. Crim. P. 35(a) (version applicable to offenses committed before November 1, 1987). We vacate and remand for further proceedings.

In December 1986, a jury convicted Calleja of conspiracy to import more than one kilogram of cocaine, conspiracy to possess with intent to distribute more than one kilogram of cocaine, engaging in a continuing criminal enterprise, and other related offenses. The district court consolidated all counts, sentenced Calleja to serve forty years in prison, and ordered him to pay a $250,000 fine and $500 in special assessments. Calleja appealed, and we set aside his sentences for the conspiracy convictions and affirmed the remainder of his convictions. *See United States v. Astorga*, No. 87-5018(L), 1989 WL 1137 (4th Cir. Jan. 6, 1989) (unpublished). The district court inadvertently failed to amend the judgment.

In July 2001, Calleja filed a motion under former Rule 35, seeking to correct his illegal sentence. Calleja contended that, after we vacated his conspiracy convictions and remanded the case to the district court, the court should have conducted a resentencing hearing to revisit the overall sentence, the amount of the fine, and the special assessments. The district court vacated Calleja's conspiracy convictions and sentences and the related special assessments totaling $100, *see Rutledge v. United States*, 517 U.S. 292, 301-03 (1996), but denied Calleja's request for a new sentencing hearing on the remaining counts on the ground that it lacked jurisdiction to alter the sentence.

On appeal, Calleja contends that the district court erred by refusing to resentence him on the remaining counts and to reconsider the amount of the fine. The decision on a Rule 35 motion is a matter of discretion with the district court, and we review a decision to deny a Rule 35 motion for an abuse of discretion. *United States v. Stumpf*, 476 F.2d 945, 946 (4th Cir. 1973). "A court . . . abuses its discretion if it makes a mistake of law." *Randall v. Prince George's County, Md.*, 302 F.3d 188, 211 (4th Cir. 2002).

Our review of the record leads us to conclude that the district court mistakenly believed it did not have jurisdiction to reevaluate Calleja's sentence on the remaining counts after eliminating the illegal portions of his sentence that related to the vacated conspiracy convictions. *See United States v. Smith*, 115 F.3d 241, 244-45 (4th Cir. 1997) (holding that district court had jurisdiction to resentence defendant on drug-related convictions that remained after firearms conviction and related fine were overturned on collateral review, reasoning that sentence must be viewed in the aggregate). The fact that the court acted based on a mistake of law in denying Calleja's request for a new sentencing hearing constitutes an abuse of discretion. *See Randall*, 302 F.3d at 211; *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993).

Accordingly, we vacate the district court's order and remand this case to allow the district court to decide, in its discretion, whether resentencing of Calleja on the remaining counts is warranted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*