**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-7847**

─────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

MICHAEL EUGENE FARMER,

        Defendant – Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:02-cr-00131-BO-1)

─────────

Argued:  March 25, 2010           Decided:  June 10, 2010

─────────

Before TRAXLER, Chief Judge, and GREGORY and SHEDD, Circuit Judges.

─────────

Affirmed by unpublished opinion.  Judge Shedd wrote the majority opinion, in which Chief Judge Traxler joined.  Judge Gregory wrote a dissenting opinion.

─────────

**ARGUED:** Robert John McAfee, MCAFEE LAW, PA, New Bern, North Carolina, for Appellant.  Anne Margaret Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Michael Farmer appeals the district court's order granting the Government's motion to withdraw its motion under Rule 35 of the Federal Rules of Criminal Procedure. We affirm.

I.

Farmer pled guilty to conspiracy to distribute and possess with intent to distribute at least fifty grams of crack cocaine, in violation of 21 U.S.C. § 846. Pursuant to Farmer's plea agreement, the Government agreed to "make known to the Court at sentencing the full extent of [his] cooperation, but the Government is not promising to move for departure pursuant to U.S.S.G. §5K1.1, 18 U.S.C. §3553(e) or Fed. R. Crim. P. 35." J.A. 15. Farmer was thereafter sentenced to 262 months imprisonment.

The Government filed a Rule 35 motion within one year of Farmer's sentencing and requested the motion be held in abeyance until after he had completed his assistance.[1] More than four years later, Farmer filed a motion requesting a hearing on the Government's Rule 35 motion. The Government filed a response to

---

[1] Federal Rule of Criminal Procedure 35(b)(1) provides: "[u]pon the [G]overnment's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."

the motion, in which it informed the district court that Farmer had completed his assistance and the Rule 35 motion was ripe for disposition. However, two months later, and prior to the district court ruling on the motion, the Government moved to withdraw its Rule 35 motion. In its motion, the Government stated that Farmer had been disciplined by prison authorities for possessing marijuana. At a hearing on the motion, the district court granted the Government's motion to withdraw. Farmer timely appealed.

## II.

The United States Supreme Court has held that a district court may grant a downward departure in the absence of the Government's Rule 35 motion if: (1) the government has obligated itself in the plea agreement to move for a departure; or (2) the government's refusal to move for a departure was based on an unconstitutional motive, such as race or religion. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (citing Wade v. United States, 504 U.S. 181 (1992)). Here, Farmer does not argue that the Government breached the plea agreement or that the Government's decision to withdraw its motion was based on an unconstitutional motive. Instead, Farmer argues that the district court erred by permitting the Government to withdraw its Rule 35 motion where the Government had represented that he

3

had completed his assistance, and the district court abused its discretion in not holding an evidentiary hearing on his motion.[2] We find that Farmer's arguments are foreclosed by United States v. Hartwell, 448 F.3d 707 (4th Cir. 2006).

In Hartwell, the defendant pled guilty and agreed to cooperate with the Government for a further reduction of his sentence. In exchange for his cooperation, the Government, in the plea agreement, stated:

> that [the Government] reserved "its option to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K of the Sentencing Guidelines and Policy Statements, or Rule 35(b) of the Federal Rules of Criminal Procedure, if in its sole discretion, the United States determines that such departure is appropriate."

Id. at 710 (emphasis added). Within one year of the defendant's conviction, the Government filed a Rule 35(b) motion but asked that it be held in abeyance pending the defendant's continued cooperation. A year-and-a-half later, the Government filed a memorandum recommending that the defendant's sentence be reduced from life imprisonment to 38 years imprisonment based on his cooperation. A few months later, the defendant filed a motion

---

[2] Whether the Government has the discretion to withdraw its Rule 35 motion is a question of law which we review de novo. Hunton & Williams v. U.S. Dept. of Justice, 590 F.3d 272, 284 (4th Cir. 2010). We review Farmer's claim that the district court should have held an evidentiary hearing for an abuse of discretion. See United States v. Pridgen, 64 F.3d 147, 150 (4th Cir. 1995).

and affidavit seeking an evidentiary hearing on the Government's Rule 35(b) motion, alleging that the Government had breached the plea agreement and stating that the Government had promised to reduce his life sentence to 18 years. As a result of the defendant's motion (and alleged false statements), the Government moved to withdraw its Rule 35(b) motion. The defendant promptly moved to strike his own affidavit, admitting it contained false statements. Thereafter, without an evidentiary hearing, the district court permitted the Government to withdraw its Rule 35 motion.

On appeal, we held that the plea agreement language in Hartwell – i.e., "in its sole discretion" – gave the Government the discretion of whether to pursue a Rule 35 motion and also included the discretion to withdraw it. Id. at 718. We further held that the Government's language in its memorandum supporting its Rule 35(b) motion, representing that Hartwell had provided assistance and his sentence should be reduced, did not alter the Government's discretion. See Id. at 719. Finally, we held that because the Government had the discretion to withdraw its motion, "the district court did not abuse its discretion in denying Hartwell an evidentiary hearing." Id. at 720.

We find Farmer's appeal wholly analogous to Hartwell. Here, the Government did not obligate itself to file a Rule 35 motion in the plea agreement and, indeed, expressly retained its

5

discretion to pursue (or not) a Rule 35 motion. See J.A. 15. (specifying that "the Government is not promising to move for departure pursuant to U.S.S.G. §5K1.1, 18 U.S.C. §3553(e) or Fed. R. Crim. P. 35") (emphasis added). This discretion to file a Rule 35(b) motion, therefore, likewise gave the Government the discretion to withdraw such a motion. See Hartwell, 448 F.3d at 718. Further, like Hartwell, the Government represented that Farmer had provided assistance and that the Rule 35(b) motion was ripe for disposition. However, as we held in Hartwell, such a representation does not affect the Government's discretion to withdraw its motion prior to the district court ruling on the motion.

Finally, because we hold that the Government retained its discretion to withdraw its Rule 35 motion, we do not believe the district court abused its discretion in not holding an evidentiary hearing in this case. Accordingly, the district court did not err in allowing the Government to withdraw its Rule 35 motion.[3]

---

[3] We disagree with the dissent's characterization of our holding. The dissent argues that under our holding, the "[G]overnment retained absolute and unfettered discretion to withdraw its Rule 35(b) motion," and the Government's discretion "has no bounds." This assertion ignores the specific limitations we recognized from the outset – namely, that the Government could not withdraw a Rule 35 motion if (1) it bound itself in the plea agreement, or (2) its withdrawal is based on an unconstitutional motive. See Wallace, 22 F.3d at 87. (Continued)

6

III.

For the foregoing reasons, we affirm the decision of the district court.

AFFIRMED

---

Further, we disagree with the dissent's analysis that the Government's post-plea representation that it would present a specific account of Farmer's cooperation modifies the original plea agreement. We find no support in law to support this contention and do not believe that the Government's representations here divest it of the discretion it has under Hartwell to withdraw the Rule 35(b) motion. In short, the dissent's analysis is misplaced in light of the facts and controlling law. At bottom, the Government did not promise to make a Rule 35 motion, and it had the discretion to withdraw any such motion that it did make so long as there was no unconstitutional motive in doing so.

7

GREGORY, Circuit Judge, dissenting:

The majority finds that the government retained absolute and unfettered discretion to withdraw its Rule 35(b) motion. Under its approach, such discretion has no bounds. However, the government in this case relinquished its initial discretion when, after it filed a Rule 35(b) motion, it represented to the court that Farmer completed his assistance and therefore the government would detail such assistance at the Rule 35(b) hearing. In other words, the government's representations ripened its initial discretionary motion into an irrevocable act. Because I believe the issue of whether Farmer's sentence should be reduced was reserved solely for the district court from that point forward, I respectfully dissent.

Although the government had no legal obligation under the initial plea agreement to file a Rule 35(b) motion, it did in fact file a Rule 35(b) "placeholder motion" on January 23, 2004, requesting that "a ruling . . . be held in abeyance, until [Farmer] has completed his assistance." J.A. 25 (emphasis added). While the motion makes no reference to retaining any discretion to withdraw the motion, we may infer that the government retained discretion in the event that Farmer did not complete his assistance to its satisfaction. See, e.g., United States v. Hartwell, 448 F.3d 707, 719 (4th Cir. 2006) (emphasis added) (finding that the government had discretion to withdraw

8

the Rule 35 motion and "that this discretion included the right to withdraw that motion <u>for Hartwell's failure to cooperate</u>"). What the motion makes clear is that the bargained-for exchange was Farmer's continued cooperation for the government's subsequent support for a Rule 35(b) motion ruling.

More than four years later, the government filed a response to Farmer's request for Rule 35(b) hearing. It is this response that represents the termination of the government's discretion concerning whether to pursue a Rule 35(b) motion. The government's response on June 12, 2008, stated that Farmer had "<u>completed</u> his assistance" and that at the requested hearing, "the Government <u>will</u> present a specific account of the defendant's cooperation." J.A. 29-30 (emphasis added).[1] From that point forward, the government was obligated to set out Farmer's cooperation.

Whether a sentencing reduction is ultimately warranted based on Farmer's cooperation is an issue to be determined exclusively by the district court. See <u>United States v. Stumpf</u>, 476 F.2d 945, 946 (4th Cir. 1973) (per curiam) (noting that a Rule 35(b) motion is "addressed to the sound discretion of the district court"). Rule 35 provides that "[u]pon the

---

[1] This latter promise is left out of the majority's description of the government's June 12, 2008, response.

9

government's motion made within one year of sentencing, <u>the</u> <u>court</u> may reduce a sentence if the defendant after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. Pro. 35(b)(1) (emphasis added). The government not only filed a placeholder motion within the one-year time period, it later submitted that the matter was ripe for disposition. Promising to detail Farmer's cooperation at the hearing and informing the court that Farmer's assistance was complete brought at end to the government's ability to withdraw its Rule 35(b) motion.

By crying "discretion," the government cannot be allowed to thwart an essential function of the court, consideration of filed motions. Under the majority's approach, after the assistance is complete and the government has requested a ruling, at the very hearing it requested, the government could withdraw a Rule 35(b) motion just as the court is considering the merits and is minutes away from issuing its ruling from the bench. There must be a boundary to the government's ability to renege on an unconditional Rule 35(b) motion filed with the court. I find that such line has been crossed in this case. The government, of course, would be free at the hearing to present any evidence relevant to sentencing. However, the fact that Farmer was disciplined by prison authorities for possessing

10

marijuana[2] does not forfeit the already-filed Rule 35(b) motion given the government's representations to the court and the court's inherent power to hear motions. The ultimate decision is still the court's, not the government's.

Furthermore, it is the government's relinquishment of discretion in its June 12, 2008, response that distinguishes this case from our decision in United States v. Hartwell, 448 F.3d 707, a case the majority, in error, asserts controls the outcome. In Hartwell, the Rule 35(b) placeholder motion specifically reserved the government's discretion to withdraw "if the defendant fails to fulfill his responsibilities." 448 F.3d at 711. In the government's subsequent memorandum supporting its Rule 35(b) motion, "[in] addition to detailing the nature and value of Hartwell's cooperation, the government also outlined problems with his cooperation." Id. By providing both details of the value of Hartwell's cooperation and the problems associated with it, the government made apparent that its ultimate support for a Rule 35(b) ruling was not yet determined. The government then added a footnote to the memorandum specifically retaining discretion to withdraw the

_____

[2] This happened before the government submitted to the court that Farmer completed his assistance. Indeed, Farmer was subject to a discipline hearing on March 16, 2006, more than two years before the government filed a motion with the court stating that the matter was ripe for disposition.

motion based on its determination that substantial assistance had not been provided:

> The Government considers defendant's <u>anticipated</u> truthful testimony against [B.N.] as the principal basis for the filing of <u>this motion</u>. If, for any reason, defendant fails to provide truthful testimony during the [B.N.] prosecution, the Government will take the position that defendant has engaged in a material breach of his plea agreement and his commitment to provide substantial assistance to the Government.

<u>Id.</u> (alteration in the original) (emphasis added). Thus, the government made clear that the assistance constituting the basis for the motion was not yet complete, and therefore, we found that "in the government's March 10, 2003 memorandum in support of its Rule 35(b) motion, . . . there is no language to suggest a relinquishment of the government's discretion." <u>Id.</u> at 719.

In the case before us, the government's response on June 12, 2008, contains language abandoning discretion. As opposed to the government's memorandum in <u>Hartwell</u> making clear that Hartwell's <u>future assistance</u> was critical to the government's support of its Rule 35(b) motion, here, the government stated that Farmer had "completed his assistance." Furthermore, unlike the memorandum in <u>Hartwell</u>, the response here indicates no problems with Farmer's assistance. Indeed, to this day, the government points to no flaws in the substantial assistance Farmer provided. And while the government explicitly retained discretion in its <u>Hartwell</u> memorandum, in Farmer's case, the

12

government did just the opposite by promising that at the requested hearing, "the Government will present a specific account of the defendant's cooperation." Whereas the memorandum in Hartwell made clear that the government had not yet ceded its discretion, today we have before us a case where the government stated that the Rule 35(b) motion was "ripe for disposition." See J.A. 29. Therefore, not only is Hartwell inapposite, but it supports Farmer's position that the government no longer had discretion to withdraw.

Based on the foregoing analysis, I find that the district court erred as a matter of law when it permitted the government to withdraw its Rule 35(b) motion. The court erred in not considering whether Farmer's sentence should be reduced based on the substantial assistance that he provided. Accordingly, I would reverse the decision of the district court and remand with instructions that the court consider the government's Rule 35(b) motion.