GREGORY, Circuit Judge,
dissenting:
The majority finds that the government retained absolute and unfettered discretion to withdraw its Rule 35(b) motion. Under its approach, such discretion has no bounds. However, the government in this case relinquished its initial discretion when, after it filed a Rule 35(b) motion, it represented to the court that Farmer completed, his assistance and therefore the government would detail such assistance at the Rule 35(b) hearing. In other words, the government’s representations ripened its initial discretionary motion into an irrevocable act. Because I believe the issue of whether Farmer’s sentence should be reduced was reserved solely for the district court from that point forward, I respectfully dissent.
Although the government had no legal obligation under the initial plea agreement to file a Rule 35(b) motion, it did in fact file a Rule 35(b) “placeholder motion” on January 23, 2004, requesting that “a ruling ... be held in abeyance, until [Farmer] has completed his assistance.” J.A. 25 (emphasis added). While the motion makes no reference to retaining any discretion to withdraw the motion, we may infer that the government retained discretion in the event that Farmer did not complete his assistance to its satisfaction. See, e.g., United States v. Hartwell, 448 F.3d 707, 719 (4th Cir.2006) (emphasis added) (finding that the government had discretion to withdraw the Rule 35 motion and “that this discretion included the right to withdraw that motion for Hartwell’s failure to cooperate ”). What the motion makes clear is that the bargained-for exchange was Farmer’s continued cooperation for the government’s subsequent support for a Rule 35(b) motion ruling.
More than four years later, the government filed a response to Farmer’s request for Rule 35(b) hearing. It is this response that represents the termination of the government’s discretion concerning whether to pursue a Rule 35(b) motion. The government’s response on June 12, 2008, stated that Farmer had “completed his assistance” and that at the requested hearing, “the Government will present a specific account of the defendant’s cooperation.” *307 J.A. 29-30 (emphasis added).[1] From that point forward, the government was obligated to set out Farmer’s cooperation.
Whether a sentencing reduction is ultimately warranted based on Farmer’s cooperation is an issue to be determined exclusively by the district court. See United States v. Stumpf, 476 F.2d 945, 946 (4th Cir.1973) (per curiam) (noting that a Rule 35(b) motion is “addressed to the sound discretion of the district court”). Rule 35 provides that “[u]pon the government’s motion made within one year of sentencing, the court may reduce a sentence if the defendant after sentencing, provided substantial assistance in investigating or prosecuting another person.” Fed. R.Crim. Pro. 35(b)(1) (emphasis added). The government not only filed a placeholder motion within the one-year time period, it later submitted that the matter was ripe for disposition. Promising to detail Farmer’s cooperation at the hearing and informing the court that Farmer’s assistance was complete brought at end to the government’s ability to withdraw its Rule 35(b) motion.
By crying “discretion,” the government cannot be allowed to thwart an essential function of the court, consideration of filed motions. Under the majority’s approach, after the assistance is complete and the government has requested a ruling, at the very hearing it requested, the government could withdraw a Rule 35(b) motion just as the court is considering the merits and is minutes away from issuing its ruling from the bench. There must be a boundary to the government’s ability to renege on an unconditional Rule 35(b) motion filed with the court. I find that such line has been crossed in this case. The government, of course, would be free at the hearing to present any evidence relevant to sentencing. However, the fact that Farmer was disciplined by prison authorities for possessing marijuana[2] does not forfeit the already-filed Rule 35(b) motion given the government’s representations to the court and the court’s inherent power to hear motions. The ultimate decision is still the court’s, not the government’s.
Furthermore, it is the government’s relinquishment of discretion in its June 12, 2008, response that distinguishes this case from our decision in United States v. Hartwell, 448 F.3d 707, a case the majority, in error, asserts controls the outcome. In Hartwell, the Rule 35(b) placeholder motion specifically reserved the government’s discretion to withdraw “if the defendant fails to fulfill his responsibilities.” 448 F.3d at 711. In the government’s subsequent memorandum supporting its Rule 35(b) motion, “[in] addition to detailing the nature and value of Hartwell’s cooperation, the government also outlined problems with his cooperation.” Id. By providing both details of the value of Hartwell’s cooperation and the problems associated with it, the government made apparent that its ultimate support for a Rule 35(b) ruling was not yet determined. The government then added a footnote to the memorandum specifically retaining discretion to withdraw the motion based on its determination that substantial assistance had not been provided:
The Government considers defendant’s anticipated truthful testimony against [B.N.] as the principal basis for the fil *308 ing of this motion. If, for any reason, defendant fails to provide truthful testimony during the [B.N.] prosecution, the Government will take the position that defendant has engaged in a material breach of his plea agreement and his commitment to provide substantial assistance to the Government.
Id. (alteration in the original) (emphasis added). Thus, the government made clear that the assistance constituting the basis for the motion was not yet complete, and therefore, we found that “in the government’s March 10, 2003 memorandum in support of its Rule 35(b) motion, ... there is no language to suggest a relinquishment of the government’s discretion.” Id. at 719.
In the case before us, the government’s response on June 12, 2008, contains language abandoning discretion. As opposed to the government’s memorandum in Hart-well making clear that Hartwell’s future assistance was critical to the government’s support of its Rule 35(b) motion, here, the government stated that Farmer had “completed his assistance.” Furthermore, un: like the memorandum in Hartwell, the response here indicates no problems with Farmer’s assistance. Indeed, to this day, the government points to no flaws in the substantial assistance Farmer provided. And while the government explicitly retained discretion in its Hartwell memorandum, in Farmer’s case, the government did just the opposite by promising that at the requested hearing, “the Government will present a specific account of the defendant’s cooperation.” Whereas the memorandum in Hartwell made clear that the government had not yet ceded its discretion, today we have before us a case where the government stated that the Rule 35(b) motion was “ripe for disposition.” See J.A. 29. Therefore, not only is Hartwell inap-posite, but it supports Farmer’s position that the government no longer had discretion to withdraw.
Based on the foregoing analysis, I find that the district court erred as a matter of law when it permitted the government to withdraw its Rule 35(b) motion. The court erred in not considering whether Farmer’s sentence should be reduced based on the substantial assistance that he provided. Accordingly, I would reverse the decision of the district court and remand with instructions that the court consider the government’s Rule 35(b) motion.

. This latter promise is left out of the majority's description of the government's June 12, 2008, response.

. This happened before the government submitted to the court that Farmer completed his assistance. Indeed, Farmer was subject to a discipline hearing on March 16, 2006, more than two years before the government filed a motion with the court stating that the matter was ripe for disposition.